IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

LEE CRAWFORD                                                                                    PLAINTIFF
*On behalf of*
Z.L.H., A MINOR

vs.                                         Civil No. 3:12-cv-03062

CAROLYN W. COLVIN                                                   DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Lee Crawford ("Plaintiff") brings this action on behalf of Z.L.H., a minor, pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying Z.L.H.'s application for Supplemental Security Income ("SSI") under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 6.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**     **Background:**

Plaintiff protectively filed an SSI application on behalf of Z.L.H. on May 19, 2010. (Tr. 10, 137-143). With this application, Plaintiff alleges Z.L.H. is disabled due to Attention Deficit Hyperactivity Disorder ("ADHD"), Oppositional Defiant Disorder ("ODD"), possible Autism, and possible Asperger's Syndrome. (Tr. 183). Plaintiff alleges Z.L.H.'s onset date was May 4, 2000. (Tr.

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

183). This application was denied initially and again upon reconsideration. (Tr. 86-87). Thereafter, Plaintiff requested an administrative hearing on Z.L.H.'s application, and this hearing request was granted. (Tr. 101-103, 111-116). An administrative hearing was held on August 25, 2011 in Fort Smith, Arkansas. (Tr. 31-85). Plaintiff was present and was represented by Rick Spencer at this hearing. *Id.* Plaintiff, Z.L.H., and Z.L.H.'s grandmother testified at the hearing in this matter. *Id.*

On October 4, 2011, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI on behalf of Z.L.H. (Tr. 10-26). In this decision, the ALJ determined Z.L.H. was born on April 4, 2000, was a school-aged child on May 19, 2010 (application date), and was currently a school-aged child. (Tr. 13, Finding 1). The ALJ determined Z.L.H. had not engaged in Substantial Gainful Activity ("SGA") since May 19, 2010 (application date). (Tr. 13, Finding 2). The ALJ determined Z.L.H. had the following severe impairments: ADHD, personality disorder, learning disorder, and mood disorder. (Tr. 13, Finding 3). The ALJ also determined, however, that none of Z.L.H.'s impairments met, medically equaled, or were functionally equivalent to the Listing of Impairments in Appendix 1, Subpart P, Regulations No. 4 ("Listings"). (Tr. 13-26, Findings 4-5).

In assessing whether Z.L.H.'s impairments were functionally equivalent to the Listings, the ALJ assessed six domains of functioning. (Tr. 17-26, Finding 5). Specifically, the ALJ determined Z.L.H. had the following limitations in the six domains of functioning: (1) less than marked limitation in acquiring and using information; (2) less than marked limitation in attending and completing tasks; (3) less than marked limitation in interacting and relating with others; (4) no limitation in moving about and manipulating objects; (5) no limitation in the ability to care for himself; and (6) less than marked limitation in health and physical well-being. *Id.* Based upon these findings, the ALJ determined Z.L.H. had not been under a disability, as defined by the Act, at any time from the date

Plaintiff's application was filed through the date of his decision. (Tr. 26, Finding 6).

Thereafter, on October 20, 2011, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 5). On April 9, 2012, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On May 17, 2012, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on August 23, 2012. ECF No. 6. Both Parties have filed appeal briefs. ECF Nos. 8, 10. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

In this case, Plaintiff is seeking disability benefits on behalf of a minor child. On August 22, 1996, Congress enacted the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Public Law No. 104-193, 110 Stat. 2105 (1996) (codified at 42 U.S.C. § 1382c(a)(3)(C)), which

provided a more stringent standard for determining eligibility for Title XVI childhood disability benefits than the old law and prior regulations required. *See Rucker v. Apfel*, 141 F.3d 1256, 1259 (8th Cir. 1998); 142 Cong. Rec. H8913; H.R. Conf. Rep. No. 725, 104th Cong. 2d Sess. 328 (1996), reprinted in 1996 U.S. Code, Cong. and Ad. News 2649, 2716; Federal Register, Vol. 62, No. 28, p. 6409.

Among other things, the new law amended Section 1614(a)(3) of the Act, 42 U.S.C. § 1382c(a)(3), and changed the statutory definition of disability for individuals under age eighteen (18) under the SSI program. Under the new standard, a child is entitled to disability benefits only if he or she has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. *See* Pub. L. No. 104-193 § 211(a)(4)(c); 20 C.F.R. § 416.906. The new standard applies to all applicants who filed claims on or after August 22, 1996, or whose claims had not been finally adjudicated by August 22, 1996. Since Plaintiff filed her application in 2010, the new law applies.

Under the new law, the ALJ's disability determination is based upon a three-step analysis. *See* 20 C.F.R. § 416.924.  First, the ALJ must determine whether the minor child has engaged in substantial gainful activity.  If not, the ALJ will proceed to the second step where the ALJ must consider whether the child has a severe impairment.  If a severe impairment is found, the ALJ will proceed to the third step.  At this step, the ALJ, must consider whether the impairment meets, or is medically or functionally equivalent, to a disability listing in the Listing of Impairments ("Listings"), *See* 20 C.F.R. pt. 404, subpt. P, app. 1.  A minor child may be disabled if his or her impairment is functionally equivalent to a disability listing, even if the minor child's impairment does not meet the

standard requirements for a disability listing. *See* 20 C.F.R. § 416.924(d)(1).

A single method is provided for evaluating whether an impairment is "functionally equivalent" to a disability listing, based upon six domains of functioning. The six domains are the following: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for himself or herself, and (6) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1). If the minor child claiming benefits has "marked" limitations in two of these domains or an "extreme" limitation in one of these domains, then the child's impairment is functionally equivalent to a disability listing. *See id.* § 416.926a(a); *Moore ex rel. Moore v. Barnhart,* 413 F.3d 718, 721 (8th Cir. 2005).

A "marked" limitation is a limitation that is "more than moderate" and "less than extreme." *See id.* § 416.926a(e); *Lehnartz v. Barnhart,* No. 04-3818, 2005 WL 1767944, at *3 (8th Cir. July 27, 2005) (unpublished). A marked limitation is one that seriously interferes with a child's ability to independently initiate, sustain, or complete activities. *See* 20 C.F.R. § 416.926a(e). An "extreme" limitation is more than "marked" and exists when a child's impairment(s) interferes very seriously with his or her ability to independently initiate, sustain or complete activities. *See id.* "Extreme" limitation is the rating the Commissioner gives to the most serious limitations. *See id.*

**3.    Discussion:**

In her appeal brief, Plaintiff raises several arguments for reversal: (1) the ALJ erred in failing to find Z.L.H. has a marked limitation in the domains of acquiring and using information and attending and completing tasks; and (2) the ALJ erred in finding Z.L.H.'s impairments did not meet the requirements of Listings 112.02 and 112.11. ECF No. 8 at 12-20. In her briefing, Plaintiff also raises the issue of whether the ALJ erred in evaluating Z.L.H.'s Global Assessment of Functioning

5

("GAF") scores. ECF No. 8 at 1-11. Because the ALJ erred by failing to fully evaluate Z.L.H.'s GAF scores of 50 and below when determining whether his impairments were functionally equivalent to a Listing, the Court finds Plaintiff's case must be reversed and remanded.

In social security cases, it is important for an ALJ to evaluate a claimant's GAF score or scores in determining whether that claimant is disabled due to a mental impairment. GAF scores range from 0 to 100. Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000). The Eighth Circuit has repeatedly held GAF scores must be carefully evaluated when determining a claimant's RFC. *See, e.g., Conklin v. Astrue,* 360 F. App'x. 704, 707 (8th Cir. 2010) (reversing and remanding an ALJ's disability determination in part because the ALJ failed to consider the claimant's GAF scores of 35 and 40); *Pates-Fires v. Astrue,* 564 F.3d 935, 944-45 (8th Cir. 2009) (holding that the ALJ's RFC finding was not supported by substantial evidence in the record as a whole, in part due to the ALJ's failure to discuss or consider numerous GAF scores below 50).

Indeed, a GAF score at or below 40 should be carefully considered because such a low score reflects "a major impairment in several areas such as work, family relations, judgment, or mood." *Conklin,* 360 F. App'x at 707 n.2 (*quoting* Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000)). A GAF score of 40 to 50 also indicates a claimant suffers from severe symptoms. Specifically, a person with that GAF score suffers from "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000).

In the present action, Z.L.H.'s counseling records state Z.L.H.'s GAF score was 50 on September 30, 2009 (Tr. 289), January 27, 2010 (Tr. 287), and February 3, 2010 (Tr. 307). On July 20, 2010, Z.L.H. was admitted to the hospital at Methodist Family Health for his aggressiveness and violent outbursts. (Tr. 374-375). Z.L.H. was discharged on July 26, 2010. (Tr. 370-373). In the discharge summary, Z.L.H. was diagnosed with bipolar disorder (not otherwise specified) and disruptive behavior disorder (not otherwise specified). *Id.* Z.L.H. reportedly was "hitting and kicking" his mother and apparently had killed a chicken recently on his family farm. *Id.* Z.L.H. reportedly had "increasingly aggressive behavior with violent outbursts." *Id.* Z.L.H. was treated. *Id.* Z.L.H. then was discharged with directions to continue medication and seek further therapy. *Id.* In the discharge notations, Z.L.H. was found to have a GAF score of "30/40" which represents a GAF score of 30 upon discharge and 40 for the last year.[2] (Tr. 373, 393).

These low GAF scores are consistent with the testimony from Plaintiff and Z.L.H.'s grandmother at the administrative hearing in this matter regarding Z.L.H.'s angry outbursts and related behavioral problems. (Tr. 31-85). Further, these scores are consistent with the neuropsychological evaluation completed by Jeff Snow, Ph.D. at UAMS on May 24, 2010. (Tr. 420-425). During this evaluation, Dr. Snow found Z.L.H. had "significant delays with skills controlled by the frontal lobe area of his brain." (Tr. 423). Dr. Snow also found Z.L.H. was "showing significant delays with executive functions which is contributing to academic as well as behavioral concerns."[3] *Id.*

---

[2] Indeed, Z.L.H. was found to only have a GAF score of 20 on July 23, 2010 while he was receiving inpatient treatment at the hospital. (Tr. 393-394).

[3] It appears some of these problems are attributable to the fact Z.L.H. was premature and born at only 28 weeks gestation. (Tr. 303).

7

In his opinion, while the ALJ evaluated Dr. Snow's findings and the testimony of Plaintiff and Z.L.H.'s grandmother, the ALJ completely ignored these low GAF scores. (Tr. 15-20). As noted above, a GAF score of 50 and below indicates a severe mental impairment. In this case, Z.L.H. was admitted to the hospital for six days and was found to have only a GAF score of 30 upon discharge. (Tr. 373). The ALJ's failure to acknowledge these low GAF scores was in error. Because the ALJ was required to evaluate and provide a reason for discounting these low GAF scores but did not do so, Plaintiff's case must be reversed and remanded for further development of the record on this issue. *See Pates-Fires,* 564 F.3d at 944-45.

4. **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff on behalf of Z.L.H., must be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 22nd day of April 2013.**

                                                    /s/   Barry A. Bryant  
                                                    HON. BARRY A. BRYANT  
                                                    U.S. MAGISTRATE JUDGE